## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: ) | | |
| ALLEN RAY BERG, ) | Case No. BK-18-10220 SAH | |
| Debtor ) | Chapter 7 | |
| _____ ) | | |
| QUALITY INTERIORS, INC. ) | | |
| ) | | |
| Plaintiff, ) | | |
| vs. ) | Adv. Pro. | |
| ) | | |
| ALLEN RAY BERG, ) | | |
| ) | | |
| Defendant. ) | | |

### COMPLAINT

Plaintiff, Quality Interiors, Inc. ("Plaintiff"), for its causes of action against Defendant, Allen Ray Berg ("Defendant"), states as follows:

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2. This is an adversary proceeding in which Plaintiff is objecting to Debtor's discharge pursuant to 11 U.S.C. §§ 523 and 727.

3. Venue is proper pursuant to 28 U.S.C. §1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and (J).

4. Pursuant to F. R. Bankr. P. 7008, Plaintiff consents to the entry of final orders or judgment by the Court.

## FACTUAL ALLEGATIONS

### Procedural History

5. On January 27, 2016, Defendant was charged with felony embezzlement in violation of 21 O.S. § 1451 in the District Court of Cleveland County (Case No CF-2016-140) (the "Criminal Case").

6. The facts underlying the Criminal Case concerned Defendant entering into a fraudulent scheme and plan to defraud Plaintiff out of at least $1,500,000.

7. On September 9, 2016, Defendant pled guilty in the Criminal Case.

8. On December 2, 2016, Defendant received a 10-year deferred sentence in the Criminal Case.

9. On March 14, 2017, Plaintiff filed a civil lawsuit against Defendant, *inter alia*, in the District Court of Cleveland County (Case No CJ-2017-325) stemming from the facts giving rise to Defendant's guilty plea in the Criminal Case (the "Civil Case"). In the Civil Case, Plaintiff is pursuing various remedies against Defendant from his criminal acts, including a declaration of a resulting trust, an injunction, unjust enrichment, intentional interference with contractual relationships and business opportunities, and fraud.

10. On January 22, 2018, Defendant filed this bankruptcy. [Doc. 1].

11. On February 5, 2018, Defendant filed his schedules. [Doc. 9].

12. Defendant never identified Plaintiff's debt, the Criminal Case or the Civil Case in his schedules or any filings in his bankruptcy proceedings, nor did he list Plaintiff as a creditor as required pursuant to 11 U.S.C. § 521(a)(1).[1]

---

[1] On June 21, 2019, Debtor file Amended Schedules and for the first time disclosed the Criminal Case and the Civil Case.

13. Pursuant to the Notice of Chapter 7 Bankruptcy Case filed January 22, 2018, the deadline to object to Debtor's discharge was April 23, 2018. [Doc. 3].

14. On May 22, 2018, the Bankruptcy Court Clerk's Office filed and sent a notice to all creditors that the deadline to file a Proof of Claim was August 20, 2018.

15. Because Defendant did not list Plaintiff as a creditor, Plaintiff was not aware of the deadline to object to Defendant's discharge by April 23, 2018.

16. Because Defendant did not list Plaintiff as a creditor in his bankruptcy, Plaintiff did not receive the notice to file a Proof of Claim by the August 20, 2018.

## Allegations against Defendant

17. Plaintiff is a for-profit business corporation that performs construction contracting services specializing in interior framing, drywalling, texturing, and painting of commercial and residential properties.

18. In the performance of its business activities, Plaintiff contracts with general contractors and or owners to perform interior framing, drywalling, texturing, and painting services.

19. Plaintiff hired Defendant as one of its employees approximately 25 years ago and reposed a great trust and confidence in him.

20. M.N.T. Drywall, LLC is a subcontractor that performs drywall labor and provides materials for contractors such as Plaintiff and at all times herein mentioned provided such labor and materials for Plaintiff on various jobs that were being performed by Plaintiff.

21. Tomas and Mirna Torres were at all relevant times herein mentioned employees and agents of M.N.T. who worked closely with Defendant. Plaintiff is further informed and believed and thereon alleges the Mirna was and now is a member and manager of M.N.T.

22. Defendant, Mirna and Tomas entered into a plan, scheme and conspiracy to defraud Plaintiff by overcharging Plaintiff for work performed by M.N.T. as Plaintiff's subcontractor on construction projects and claiming there were workers on jobs that never performed work, by creating and submitting false invoices to Plaintiff for labor not performed and materials not provided, by creating bank accounts to deposit and secrete proceeds paid for work not performed and materials not provided, and by diverting jobs from Plaintiff to the business enterprises that Defendant, Mirna and Tomas created.

23. Mirna and Tomas were able to hide and secrete their illicit acts and scheme from Plaintiff because they had worked in concert with Defendant over the years and Plaintiff believed Defendant to be a trusted and honest employee.

24. As a result of that trust and confidence Plaintiff reposed in Defendant, Defendant enjoyed a position of trust that enabled him to access Plaintiff's finances, books and records, and to become knowledgeable of all of Plaintiff's customers and subcontractors.

25. Unbeknownst to Plaintiff, Defendant entered into undisclosed agreements with one of Plaintiff's subcontractors, M.N.T. Defendant, Mirna, Tomas, and M.N.T. conspired and schemed to defraud Plaintiff of money and customers in order to enrich themselves and to denude and defraud Plaintiff from its rightful profits and income.

26. At the time Defendant, Mirna, Tomas, and M.N.T. were engaged in their conspiracy and scheme to defraud Plaintiff, Plaintiff's president and shareholder, Mike Wright ("Wright"), was advanced in years, had announced to Defendant his plans to retire from Plaintiff, and gave Defendant even greater responsibilities for the operation of Plaintiff without any knowledge of the malevolent actions and designs of Defendant, Mirna, Tomas and M.N.T.

27. When Plaintiff discovered the embezzlement of proceeds of over $1,500,000, Defendant was arrested for embezzlement and prosecuted by the Cleveland County District Attorney for his crimes in the Criminal Case.

28. Defendant received a 10-year deferred sentence from the Criminal Case and was ordered to make restitution payments to Plaintiff.

29. Defendant took the embezzled proceeds and purchased the real property commonly known as 1128 Straka Terrace, Oklahoma City, Okla. 73129-2519 (the "Property") and a GMC Acadia vehicle. Defendant also retained cash from the embezzled proceeds that Plaintiff is informed and believes he subsequently transferred, at least in part, to his son, Mark Allen Berg.

30. In order to further deprive and deny Plaintiff of the money Defendant embezzled from Plaintiff, Defendant caused transfers of the Property, the GMC Acadia and cash proceeds to Mark Berg, and has transferred to Mark Berg the Property, GMC Acadia vehicle and cash proceeds.

31. Defendant has failed and refused to pay Plaintiff the court ordered restitution payments.

32. Plaintiff's counsel sent Mark Berg a letter dated December 29, 2016 regarding the property at issue. Mark Berg has failed to respond to Plaintiff's counsel's letter or to return to Plaintiff the ill-gotten assets received from Defendant's embezzlement. The inaction of Mark Berg in returning the ill-gotten gains "gifted" to him by Defendant from embezzled proceeds has further exacerbated Plaintiff's inability to have the necessary cash flow to operate successfully Plaintiff's business activities.

33. The actions of Defendant, Mirna, Tomas and M.N.T. have caused Plaintiff great financial distress that has resulted in Plaintiff's inability to have the necessary cash flow to operate

its business and allow Mr. Wright to retire at age 73 after his many years of hard work and sacrifice to build Plaintiff into a successful specialty contracting business.

34. Plaintiff trusted Defendant, Mirna, Tomas and M.N.T. in the conduct of its business activities, and Defendant obtained special knowledge of Plaintiff's customers, contracts, business practices, billing techniques, and assets.

35. Thereafter, Defendant, Mirna, Tomas, and M.N.T. interfered with Plaintiff's contracts with customers and its business relationships in order to deny Plaintiff the profits and gains from its labor and assets and enable these Defendants to obtain these customers and profits to their own use, benefit, and financial advantage.

36. The interference of Defendant, Mirna, Tomas, and M.N.T. was willful, intentional and malicious.

37. As a direct and proximate result of Defendant's intentional interference with Plaintiff's business contracts and relationships, Plaintiff has suffered an economic loss of over $1,500,000, the exact nature and extent of which has not yet been totally ascertained and cannot be determined without needed discovery and the production of books and records.

38. Defendant, Mirna, Tomas and M.N.T. entered into a scheme, design, and conspiracy to defraud Plaintiff by embezzling proceeds from Plaintiff and directly contracting with Plaintiff's customers to perform work and provide materials to frame, drywall, and paint buildings for owners and contractors that Plaintiff would otherwise contract with to perform.

39. As a direct and proximate result of the artifice and fraud practiced on Plaintiff by Defendant, Mirna, Tomas, and M.N.T., Plaintiff has been damaged in a sum in excess of $1,500,000 due to the acts of embezzlement and lost business opportunities.

## FIRST CAUSE OF ACTION – OBJECTION TO DISCHARGE
## PURSUANT TO 11 U.S.C. §523(a)(2)(A)

40. Plaintiff incorporates ¶¶ 1-42 as though fully stated herein.

41. Based on the foregoing, Defendant obtained money or property from Plaintiff by a false pretense, false representation or actual fraud.

42. Therefore, pursuant to 11 U.S.C. § 523(a)(2)(A), all indebtedness owed to Plaintiff is nondischargeable.

## SECOND CAUSE OF ACTION – OBJECTION TO DISCHARGE
## PURSUANT TO 11 U.S.C. §523(a)(4)

43. Plaintiff incorporates ¶¶ 1-42 as though fully stated herein.

44. Based on the foregoing, Defendant engaged in fraud or defalcation while acting in a fiduciary capacity, committed embezzlement, and/or committed larceny. Indeed, Defendant pled guilty to felony embezzlement in violation of 21 O.S. § 1451.

45. Therefore, pursuant to 11 U.S.C. § 523(a)(4), all indebtedness owed to Plaintiff is nondischargeable.

## THIRD CAUSE OF ACTION – OBJECTION TO DISCHARGE
## PURSUANT TO 11 U.S.C. §523(a)(6)

46. Plaintiff incorporates ¶¶ 1-42 as though fully stated herein.

47. Based on the foregoing, Defendant willfully and maliciously sought to injure Plaintiff or Plaintiff's property.

48. Therefore, pursuant to 11 U.S.C. § 523(a)(6), all indebtedness owed to Plaintiff is nondischargeable.

**FOURTH CAUSE OF ACTION – OBJECTION TO DISCHARGE
PURSUANT TO 11 U.S.C. §523(a)(3)(B)**

49. Plaintiff incorporates ¶¶ 1-42 as though fully stated herein.

50. Defendant knowingly and fraudulently failed to schedule and disclose Plaintiff's Civil Case against him in his bankruptcy schedules.

51. As set forth *supra*, Defendant's indebtedness to Plaintiff is of a kind specified in 11 U.S.C. § 523(a)(2), (4) and (6).

52. Because Defendant did not properly and timely schedule Plaintiff's debt on his schedules as required pursuant to 11 U.S.C. §521(a)(1), Plaintiff was not able to timely file a Proof of Claim and timely request a determination of dischargeability of its debt and, therefore, pursuant to 11 U.S.C. §523(a)(3)(B), Plaintiff's debt is nondischargeable.

**FIFTH CAUSE OF ACTION – OBJECTION TO DISCHARGE
PURSUANT TO 11 U.S.C. §727(a)(4)**

53. Plaintiff incorporates ¶¶ 1-42 as though fully stated herein.

54. Pursuant to 11 U.S.C. § 727(a)(4)(A), Defendant knowingly and fraudulently made a false oath or account by intentionally failing to list, schedule or otherwise disclose Plaintiff's claim, the Criminal Case or the Civil Case.

55. Pursuant to 11 U.S.C. §727(a)(4)(D), Defendant withheld from the Chapter 7 Trustee recorded information relating to his financial affairs by failing to list, schedule or otherwise disclose Plaintiff's claim, the Criminal Case or the Civil Case.

56. Therefore, pursuant to 11 U.S.C. § 727(a)(4)(A) & (D), Defendant is not entitled to a discharge under 11 U.S.C. §727.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Quality Interiors, Inc. requests the Court deny Defendant's discharge of Plaintiff's indebtedness pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), (a)(6) and (a)(3)(B) and denying Defendant a discharge under 11 U.S.C. §727 pursuant to 11 U.S.C. § 727(a)(4)(A) & (D) and for such other relief as the Court deems equitable.

/s/ Gary D. Hammond
Gary D. Hammond, OBA #13825
MITCHELL & HAMMOND
An Association of Professional Entities
512 N.W. 12th Street
Oklahoma City, OK 73103
405.216.0007 Telephone
405.232.6358 Facsimile
gary@okatty.com Email
**ATTORNEY FOR PLAINTIFF**